UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

DAVID FRITZ,

               Plaintiff,

v.

NORTH AMERICAN POWER & GAS,
LLC,

               Defendant.

---

Civil Action No. _____

Class Action Complaint

Plaintiff David Fritz, by his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for his class action complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

## Nature Of This Case

1.      This action seeks to redress the deceptive pricing practices of North American Power & Gas, LLC ("North American Power") that have caused thousands of New Jersey consumers to pay considerably more for their electricity and natural gas than they should otherwise have paid.

2.      North American Power engages in a classic bait-and-switch deceptive marketing scheme aimed at consumers hoping to save on the cost of electricity and gas.  North American Power lures consumers into switching by offering a teaser rate that is lower than local utilities' rates for electricity supply.  North American Power also represents that its rate is market based and reflects the wholesale price of electricity.

3.      These representations are misleading.  In fact, North American Power's electricity rates are substantially higher than market rates, they are not competitive, and they do not reflect

the cost of purchasing electricity on the wholesale market.  North American Power's natural gas rates are likewise deceptively marketed.  As a result, New Jersey consumers are being fleeced millions of dollars in exorbitant charges for electricity.

4.      This suit is brought pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56: 8-1 *et seq*. and the common law of New Jersey on behalf of a class of New Jersey consumers who purchased electricity and/or natural gas from North American Power from April 29, 2008 to the present.  It seeks, *inter alia*, injunctive relief, actual damages and refunds, treble damages, punitive damages, attorneys' fees, and the costs of this suit.

**Parties**

5.      Plaintiff David Fritz is a citizen of New Jersey residing West Milford.  Mr. Fritz has been a North American Power customer since March 2013 and, as a result of Defendant's deceptive conduct, incurred excessive charges for electricity and natural gas.

6.      Defendant North American Power & Gas, LLC is a limited liability company organized under the laws of Delaware whose principal place of business is located at 20 Glover Avenue, Suite 300, Norwalk, Connecticut, 06851.  Defendant has thousands of customers in New Jersey, and it has tens of millions of dollars in combined revenues.

**Jurisdiction**

7.      Defendant's status as a limited liability company renders it an "unincorporated association" pursuant to the Class Action Fairness Act ("CAFA"), and under CAFA, an unincorporated association is a citizen of the state where it has its principal place of business and the state under whose laws it is organized.  *See* 28 U.S.C. § 1332(d)(10).

8.      Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

## Operative Facts

9.      In 1999, the electric and natural gas utility industry within the State of New Jersey was restructured.  Among the goals of the reorganization were increased competition and deregulation within the industry, with an eye towards achieving greater consumer choice and an overall reduction of energy rates.  As a result, the State's electric and natural gas industry is open to competition, and consumers may choose their supplier of electricity and natural gas.

10.      The new energy suppliers, who compete against local utilities such as Public Service Electric and Gas Company ("PSE&G"), are known as energy service companies, or "ESCOs."  While ESCOs supply the power, the delivery of electricity and natural gas to homes remains the job of the local utilities.

11.      As part of the deregulation plan, ESCOs, like North American Power, do not have to file the electricity rates they charge with the New Jersey Board of Public Utilities or the method by which they set their rates.

12.      However, North American Power takes advantage of the deregulation and the lack of regulatory oversight in the energy market to deceptively charge New Jersey consumers exorbitant rates for electricity and natural gas.  In fact, North American Power's rates are substantially higher than other ESCOs or local utilities.

**North American Power Charges Deceptively High Electricity Rates**

13.     North American Power engages in a classic bait and switch deceptive scheme. North American Power lures consumers into switching to its electricity supply service by offering teaser rates that are much lower than its regular rates.

14.     Plaintiff's experience was typical.  North American Power offered Mr. Fritz a rate that was slightly lower than his then-current rate with his local utility (Orange & Rockland), and he agreed.

15.     Thereafter, North American Power sent Mr. Fritz its standard "welcome letter" that informs customers that after the initial rate expires, "[t]he electric plan is a market based variable rate."

16.     Defendant also provided Plaintiff and other New Jersey customers with a "Terms of Service" that states that North American Power "offers a variable rate for electricity which may be adjusted on a monthly basis.  The rate may increase or decrease to reflect price changes in the wholesale power market."

17.     North American Power's representation that its rates are market based is false and misleading.  To the contrary, there are periods of time during the class period and during the time Plaintiff was a North American Power customer in which the market price of electricity declined or remained steady while North American Power's prices rose.  North American Power does not disclose this material fact.

18.     In fact, from April 2013 until February 2014 (during which time Plaintiff was a North American Power customer), the price per kilowatt hour that North American Power charged went up from $0.07989 per kilowatt hour to $0.1999 per kilowatt hour, an increase of

more than 100%. At no time during this period did North American Power charge less than $0.079 per kilowatt hour.

19.     In contrast, the price that Orange & Rockland charged in April 2013 was $0.1130 per kilowatt hour, and it was only $0.0949 per kilowatt hour in February 2014. At no time did Orange & Rockland charge more than $0.1130 per kilowatt hour. In other words, while the local utility managed to lower electricity rates, North American Power's more than doubled. In fact, North American Power's electricity rate was at one point almost two times higher than Orange & Rockland's rate.

20.     For example, from February 25, 2013 to March 25, 2013, Plaintiff paid $45.30 for 567 KWH, or $0.079 per KWH. If Plaintiff had purchased his electric supply from Orange & Rockland, he would have paid $64.07, or $0.1130 per KWH. However, from December 26, 2013 to January 27, 2014, Plaintiff paid $190.97 for 1274 KWH, or $0.14989 per KWH. If Plaintiff had purchased his electric supply from Orange & Rockland, he would have paid $120.90, or $0.0949 per KWH. From January 28, 2014 to February 24, 2014, Plaintiff paid $205.10 for 1026 KWH, or $0.1999 per KWH. If Plaintiff had purchased his electric supply from Orange & Rockland, he would have paid $90.36, or $0.0949 per KWH.

21.     While local utilities' electricity rates may demonstrate less fluctuation over that of the wholesale market, over time, the rates utilities like Orange & Rockland charge are an accurate reflection of rates that are based on prevailing market conditions. In other words, the electricity rates that utilities charge are an accurate measure of what market based rates should be. That North American Power's rates were always substantially higher than Orange & Rockland's rates therefore demonstrates that North American Power's rates are not in fact based on prevailing market conditions.

22.     North American Power's claim that its rates are based on the market price of electricity is also false because its prices rise or remain steady in some periods when electricity costs decline.  North American Power does not disclose this material fact to consumers.

23.     A reasonable consumer would understand that the price the local utility charges is part of prevailing market conditions and that a price based on prevailing market conditions would be consistent with the price charged by the local utility.

24.     All that North American Power offers customers is electricity delivered by local utilities, a commodity that has the exact same qualities as electricity supplied by other ESCOs or local utilities.  Other than potential price savings, North American Power offers nothing of value that other ESCOs or local utilities do not offer.

25.     Defendant's representation that its rates reflect changes in the wholesale power market is also false and misleading.  In fact, North American Power's rates sometimes rise or remain steady when wholesale prices fall.  Even when wholesale power rates increase during the same periods that North American Power's rates rise, Defendant's rates are not reflective of wholesale prices because its rates rise much more steeply than do wholesale prices.

26.     The following table, which includes the monthly electricity rates charged by North American Power to Plaintiff, the rates that would have been charged by Orange & Rockland, and the applicable monthly weighted average prices from the Intercontinental Exchange data (the "ICE" is a proper measure of wholesale prices) demonstrates that North American Power's rates are neither based on price changes in the wholesale power market nor are they based on market price of electricity:

| Billing Period | North American Power Per KWH | Orange & Rockland Per KWH | Intercontinental Exchange (ICE) data on Weighted Average Prices |
|---|---|---|---|
| 2/25/13 – 3/25/13 | $0.07990 | $0.1130 | $0.04532 |
| 3/26/13 - 4/23/13 | $0.07990 | $0.1130 | $0.04654 |
| 4/24/13 – 5/24/13 | $0.11989 | $0.1130 | $0.04633 |
| 5/25/13 – 6/25/13 | $0.11989 | $0.0991 | $0.05343 |
| 6/26/13 – 7/26/13 | $0.11989 | $0.0999 | $0.06218 |
| 7/27/13 – 8/23/13 | $0.11989 | $0.0976 | $0.04327 |
| 8/24/13 – 9/24/13 | $0.11989 | $0.1005 | $0.04663 |
| 9/25/13 – 10/24/13 | $0.11989 | $0.1037 | $0.03988 |
| 10/25/13 – 11/22/13 | $0.11989 | $0.1048 | $0.04019 |
| 11/23/13 – 12/26/13 | $0.14190 | $0.0949 | $0.03916 |
| 12/27/13 – 1/27/14 | $0.14989 | $0.0949 | $0.14908 |
| 1/28/14 – 2/24/14 | $0.19990 | $0.0949 | $0.08485 |
| 2/25/14 – 3/25/14 | $0.19990 | $0.1029 | $0.08550 |

27.     Based on the data in this table, the following chart graphically demonstrates the disconnect between North American Power's rates, Orange & Rockland's electricity rates, and wholesale market prices:



28.     The fact that Defendant's prices never fall even when market prices and utility rates go down demonstrates that Defendant's representations that its rates are market based and reflect wholesale prices are false and misleading.

29.     Thus, North American Power's statements with respect to the electric rates it will charge are materially misleading because customers do not receive a market based price or a rate that reflects the wholesale cost of electricity.  Instead, consumers are charged rates that are substantially higher.  North American Power fails to disclose this material fact to its customers.

30.     North American Power's statements regarding its electricity rates are materially misleading, as the most important consideration for any reasonable consumer when choosing an energy supplier is price.  No reasonable consumer who knows the truth about North American Power's exorbitant rates would choose North American Power as an electricity supplier.  Other than potential price savings, there is nothing to differentiate North American Power from other ESCOs or local utilities, and the potential for price savings is the only reason any reasonable consumer would enter into a contract for electricity supply with North American Power.

**North American Power Charges Deceptively High Natural Gas Rates**

31.     North American Power markets natural gas using uniform and non-negotiable contracts that represent to consumers that the price for natural gas North American Power charges "will fluctuate on a monthly basis, based on the market price of natural gas, and will consist of the sum of a variable energy charge plus retail service charge and any applicable taxes. The rate may increase or decrease to reflect price changes in the wholesale natural gas market, and is always subject to change at the discretion of NAP."

32.     North American Power's representation that its rates are based on the market price of natural gas is false and misleading.  To the contrary, there are periods of time during the

class period and during the time Plaintiff was a North American Power customer in which the market price declined or remained steady while North American Power's prices rose.  North American Power does not disclose this material fact to its customers.

33.    In fact, from April 2013 until February 2014 (during which time Plaintiff was a North American Power customer), the price per therm[1] that North American Power charged went up from $0.519 per therm to $1.599 per therm, an increase of almost 300%.  At no time during this period did North American Power charge less than $0.519 per therm.

34.    In contrast, the price that PSE&G (the local utility that supplied Plaintiff's natural gas before he switched to North American Power) charged in April 2013 was $0.543979 per therm, and it was only $0.454719 per therm in February 2014.  At no time did PSE&G charge more than $0.544 per therm.  In other words, while the local utility managed to lower natural gas prices, North American Power's rates more than tripled.  In fact, North American Power's natural gas rate was at one point almost four times higher than PSE&G's rate.

35.    For example, from March 14, 2013 to April 12, 2013, Plaintiff paid $96.59 for 186 therms of gas, or $0.519 per therm.  If Plaintiff had purchased his gas supply from PSE&G, he would have paid $101.24, or $0.543979 per therm.  However, from December 12, 2013 to January 11, 2014, Plaintiff paid $250.00 for 278.399 therms of gas, or $0.599 per therm.  If Plaintiff had purchased his gas supply from PSE&G, he would have paid $88.83, or $0.319074 per therm.  From January 12, 2014 to February 11, 2014, Plaintiff paid $450.67 for 281.844 therms of gas.  If Plaintiff had purchased his gas supply from PSE&G, he would have paid $128.16, or $0.454719 per therm.

---

[1] Quantities of natural gas are usually measured in cubic feet.  One "therm" is 100 cubit feet of natural gas.

36.     While local utilities' natural gas rates may demonstrate less fluctuation versus that of the wholesale market, over time, the rates utilities like PSE&G charge are an accurate reflection of rates that are based on prevailing market conditions.  In other words, the natural gas rates that utilities charge are an accurate measure of what rates based on market price of natural gas should be.  That North American Power's rates increase when PSE&G's rates decrease demonstrates that its rates are not in fact based on market price of natural gas.

37.     The following table, which includes the monthly per therm rate charged by North American Power, the rate that would have been charged by PSE&G, and the applicable Henry Hub average spot price rate (which is an accurate reflection of wholesale prices), demonstrates that North American Power's rates are neither based on the market price of natural gas nor are they based on prevailing market conditions:

| Billing Period | North American Power Per Therm Rate | PSE&G Per Therm Rate | Henry Hub Average Spot Price Rate |
|---|---|---|---|
| 3/14/13 – 4/12/13 | $0.519 | $0.543979 | $0.402728 |
| 4/13/13-5/13/13 | $0.539 | $0.543981 | $0.413695 |
| 5/14/13 – 6/12/13 | $0.599 | $0.543998 | $0.399728 |
| 6/13/13 – 7/11/13 | $0.599 | $0.543874 | $0.371750 |
| 7/12/13 – 8/12/13 | $0.599 | $0.543863 | $0.352950 |
| 8/13/13 – 9/11/13 | $0.599 | $0.544047 | $0.352590 |
| 9/12/13 – 10/10/13 | $0.599 | $0.543959 | $0.362428 |
| 10/11/13 – 11/8/13 | $0.599 | $0.446110 | $0.361445 |
| 11/9/13 – 12/11/13 | $0.599 | $0.193994 | $0.382640 |
| 12/12/13 – 1/11/14 | $0.898 | $0.319074 | $0.432675 |
| 1/12/14 – 2/11/14 | $1.599 | $0.454719 | $0.549871 |
| 2/12/14 – 3/12/14 | $0.979 | $0.294067 | $0.558710 |

38.     Based on the data in this table, the following chart graphically demonstrates the disconnect between North American Power's rates, PSE&G's natural gas rates, and the Henry Hub average spot price rate:

10



39.      The variable energy charge, retail service charge and any applicable taxes do not change substantially over time and do not account for a substantial portion of North American Power's natural gas rates, and any changes to these costs do not account for North American Power's exorbitant rates.

40.      Thus, North American Power's statements with respect to the natural gas rates it will charge are materially misleading because consumers do not receive a price based on market price of natural gas.  Instead, consumers are charged rates that are substantially higher.  North American Power fails to disclose this material fact to its customers.

41.      North American Power's statements regarding its natural gas rates are materially misleading, as the most important consideration for any reasonable consumer when choosing an energy supplier is price.  No reasonable consumer who knows the truth about North American Power's exorbitant rates would choose North American Power as a natural gas supplier.

42.     In fact, all that North American Power offers customers is natural gas delivered by local utilities, a commodity that has the exact same qualities as natural gas supplied by other ESCOs or local utilities.  Other than potential price savings, there is nothing to differentiate North American Power from other ESCOs or local utilities, and the potential for price savings is the only reason any reasonable consumer would enter into a contract for natural gas supply with North American Power.

## Class Action Allegations

43.     Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all New Jersey State residents who were North American Power customers from May 5, 2008 to the present.

44.     Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant have or had a controlling interest, or which Defendant otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

45.     This action is brought as a class action for the following reasons:

      a.     The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

      b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

          i.     whether Defendant violated N.J.S.A. 56: 8-1 *et seq.*;

          ii.     whether Defendant breached its contract with New Jersey consumers by charging a rate higher than that provided for in the agreement;

iii.      whether Defendant is being unjustly enriched by deceptively charging rates substantially over those available in the market;

iv.      whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

v.      whether Defendant should be enjoined from continuing to charge exorbitant rates based on undisclosed factors;

c.      The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.      Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including class litigation involving consumer protection and ESCOs;

e.      Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants;

f.      Defendants have acted on grounds that apply generally to the Class, namely representing that its rates are based on market prices or wholesale market when Defendant's rates are in fact substantially higher, so that final injunctive relief prohibiting Defendant from continuing its deceptive practices is appropriate with respect to the Class as a whole;

g.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.      Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without

remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain their ill-gotten gains;

             ii.      It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

             iii.      When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

             iv.      A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

             v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

             vi.      Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

46.      Defendant's violations of N.J.S.A. 56: 8-1 *et seq.* and the common law are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in illegal and deceptive conduct in the future.

### FIRST CAUSE OF ACTION
### (Violation of N.J.S.A. 56: 8-1 *et seq.*)

47.      Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-46 above as if fully set forth herein.

48.      The Consumer Fraud Act prohibits, *inter alia*:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise. . . .

14

N.J.S.A. § 56:8-2.

49.     Defendant's misrepresentations and false, deceptive, and misleading statements with respect to the rates it charges for natural gas and electricity, as described above, constitute affirmative misrepresentations in connection with the marketing, advertising, promotion, and sale of natural gas and electricity in violation of the Consumer Fraud Act.

50.     Defendant's false, deceptive, and misleading statements and omissions would have been material to any potential consumer's decision to purchase natural gas or electricity from North American Power.

51.     Defendant also failed to inform customers that their rates are substantially higher than those based on the market price of natural gas or the market price of electricity and those based on wholesale market.  That information would have been material to any consumer deciding whether to purchase natural gas or electricity from North American Power.

52.     Defendant made these false, deceptive, and misleading statements and omissions with the intent that consumers rely upon such statements.

53.     Plaintiff and the other members of the Class entered into agreements to purchase natural gas and/or electricity from North American Power for personal use and suffered ascertainable loss as a direct and proximate result of Defendant's actions in violation of the Consumer Fraud Act.

54.     As a consequence of Defendant's wrongful actions, Plaintiff and the other members of the Class suffered an ascertainable loss of monies based on the difference in the rate they were charged versus the rate they would have been charged had North American

Power charged a rate based on the market price of natural gas and electricity or had they not switched to North American Power from their previous supplier.

55.     Plaintiff and other members of the Class suffered an ascertainable loss caused by Defendant's misrepresentations and omissions because they would not have entered into an agreement to purchase natural gas or electricity from North American Power if the true facts concerning its rates had been known.

56.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for trebled compensatory damages; punitive damages; attorneys' fees, and the costs of this suit.  N.J.S.A. §§ 56:8-2.11, 8-2.12, 8-19.

57.     Defendant's conduct was intentional, wanton, willful, malicious, and in blatant disregard of, or grossly negligent and reckless with respect to, the life, health, safety, and well-being of Plaintiff and the other members of the Class.  Defendant is therefore additionally liable for punitive damages, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

58.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-57 above as if fully set forth herein.

59.     Plaintiff and the Class entered into valid contracts with North American Power for the provision of natural gas and/or electricity supply.

60.     Pursuant to that contract, North American Power agreed to charge a rate for natural gas that "will fluctuate on a monthly basis, based on the market price of natural gas, and will consist of the sum of a variable energy charge plus retail service charge and any applicable taxes."

61.     Pursuant to the contract, Plaintiff and the Class agreed to pay that rate, and

16

they did so.

62.     However, North American Power failed to perform its obligations under the contract because it charged a rate for natural gas that was not based on the factors upon which the parties agreed the rate would be based.

63.     Plaintiff and the Class were damaged as a result because they were billed, and they paid, a charge for natural gas that was higher than it would have been had North American Power based its rate on the agreed upon factors.

64.     Under the contract, North American Power promised to charge a rate for electricity that "will fluctuate, based on the market price of electricity, and will consist of the sum of a variable energy charge plus retail service charge and any applicable taxes" and "the rate may increase or decrease to reflect price changes in the wholesale power market."

65.     Pursuant to the contract, Plaintiff and the Class agreed to pay that rate, and they did so.

66.     However, North American Power failed to perform its obligations under the contract because it charged a rate for electricity that was not based on the factors upon which the parties agreed the rate would be based.

67.     Plaintiff and the Class were damaged as a result because they were billed, and they paid, a charge for electricity that was higher than it would have been had North American Power based its rate on the agreed upon factors.

68.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

69.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-68 above as if fully set forth herein.

70.     By engaging in the conduct described above, Defendant has unjustly enriched itself and received a benefit at the expense of Plaintiff and the other members of the Class and Defendant is required, in equity and good conscience, to compensate them for the damages that they have suffered as a result of Defendant's actions.

71.     It would be unjust for Defendant to retain the payments Plaintiff and the Class made for excessive charges.

72.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court should enter judgment against Defendant as follows:

1.      Certifying this action as a class action, with a class as defined above;

2.      On Plaintiff's First Cause of Action, awarding against Defendant damages that Plaintiff  and the other members of the Class have suffered, trebled, and granting appropriate injunctive relief;

3.      On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

4.      On Plaintiff's Third Cause of Action, awarding against Defendant's damages that Plaintiff and the other members of the Class have suffered;

5.      Awarding Plaintiff and the Class punitive damages;

6.      Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

7.      Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:      May 6, 2014
            White Plains, New York

                          **FINKELSTEIN, BLANKINSHIP,**
                          **FREI-PEARSON & GARBER, LLP**

                    By:     /s/ D. Greg Blankinship
                            D. Greg Blankinship (CT 28627)
                            1311 Mamaroneck Avenue
                            White Plains, New York 10605
                            Tel: (914) 298-3281
                            Fax: (914) 824-1561
                            gblankinship@fbfglaw.com

                            *Attorneys for Plaintiff and the putative class*